IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KEVIN BALSLY,

       Plaintiff,

   v.                                Civil Action No. 3:11cv642

WEST MICHIGAN DEBT COLLECTIONS, INC.
*et al.*,

       Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS

Defendants West Michigan Debt Collections, Inc., Steven E. Bratschie & Associates, P.C., Steven E. Bratschie, and Michelle Born-Fischer ("Defendants"), by counsel, move to dismiss Plaintiff Kevin Balsly's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that the Court lacks personal jurisdiction.  In the alternative, Defendants move to dismiss or stay this action pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 47 L.Ed.2d 483, 96 S. Ct. 1236 (1976).

## BACKGROUND

On October 7, 2010 West Michigan Debt Collections, Inc. ("WMDC") through its attorneys, Steven E. Bratschie & Associates, P.C. ("the Law Firm"), filed a complaint against Kevin Balsly in the 2-A District Court of Lenawee County, Michigan, Case No. 10-3773-GCK, which sought the entry of a money judgment for his failure to pay amounts due and owing on a credit card. Prior to filing suit, the Law Firm conducted

various due diligence through skip tracing in order to locate Balsly, including but not limited to:

- On April 10, 2009, a motor vehicle search was run through the Michigan Secretary of State, which revealed Balsly to have a Michigan driver's license registered to an address of 1088 Chicago Blvd, Tecumseh, MI. The report further indicated that the license was invalid until OUIL reinstatement fees were paid by Balsly. Thereafter a demand letter was sent to this address. However, it was returned as undeliverable.

- On or about May 1, 2009, a second Lexis report was run on Balsly to acquire a new address and the report indicated Balsly was now residing at 303 Fairway, Tecumseh, MI. A postal search was completed by the Post Office, indicating that mail was being "deliverable as addressed" to Balsly at the Fairway address.

When the Law Firm attempted to have the Summons and Complaint served on Balsly at the Fairway address in Michigan, it was discovered that he was no longer living there and additional skip tracing was conducted in order to locate him. Meanwhile, the Law Firm obtained a Second Summons, extending the deadline for service by an additional ninety-one days, during which time employment information was obtained and verified for Balsly. The Work Number Search revealed the debtor worked for Ferguson Enterprises, which is based out of Virginia. The Work Number search also indicated that Balsly had been employed with Ferguson Enterprises for almost 14 years. Yet, it was clear he had lived in Michigan during part of that time.

The Law Firm thereafter hired a process server in Virginia to serve the Complaint on Balsly, which was effectuated on March 9, 2011. The process server not only completed a sworn affidavit of service (Exhibit A), but she also provided a physical description of Balsly and obtained his signed acknowledgement of service (Exhibit B);

however, he failed to respond to the Complaint and as a result a default judgment was entered against him on April 27, 2011 in the amount of $5,089.78 and in favor of WMDC.

The end of June 2011, WMDC hired local counsel in Virginia to domesticate the Michigan judgment and pursue a garnishment to Ferguson Enterprises. Local counsel, Irving Goldstein, domesticated the judgment and began garnishment proceedings in the Circuit Court for Newport News. Shortly thereafter, on August 24, 2011, Balsly filed an objection to the domestication of foreign judgment; a motion to stay garnishment proceedings, and a motion to quash the garnishment with the Virginia trial court which had domesticated the judgment (the "Virginia Motion"). Balsly's Virginia Motion was denied.  A copy of the Order is attached as Exhibit C.

In addition, on August 24, 2011, the Law Firm was served with a motion to set aside default judgment, quash service, and dismiss complaint which was filed by Balsly's Michigan counsel, Adam Taub of the Consumer Law Group (the "Michigan Motion"). A copy of the Michigan Motion and Defendants' Response is attached as Exhibits D and E, respectively.  The Michigan Motion alleged that Balsly was never served with the Summons and Complaint and only became aware of the judgment when local counsel in Virginia domesticated the judgment and began garnishing his wages.  The Michigan Motion also alleges that WMDC, through the Law Firm, served Balsly at the Tecumseh address in Michigan which misled the court into entering the judgment. Mr. Taub made no reference to the notarized affidavit of the Virginia Process Server who swore to have personally served Balsly at his place of employment in Virginia and actually got him to sign an acknowledgment of service. The Michigan Motion further alleges that Michigan's

3

four-year statute of limitations on the sale of goods, not its six-year statute of limitations on a contract or account stated claims apply to the debt and that more than six years had passed since Balsly made a payment on the debt. Furthermore, Balsly alleged to have opened the account in Virginia, not Michigan, and therefore venue was improper in Michigan.

On September 21, 2011, a hearing was held on Balsly's Michigan Motion, wherein Mr. Taub appeared on behalf of Balsly and presented the court with an affidavit from Balsly indicating that he called the original creditor, J.B. Robinson Jewelers, and was told that "the account contract and credit card purchase were opened and executed at Patrick Henry mall in Newport News, VA on June 25, 2000, and on that date there was a single purchase." The affidavit also indicated that payments on the account were few and sporadic. WMDC's records from the original creditor indicate the last payment was made on August 14, 2006 in the amount of $100, clearly putting it well within the six-year statute of limitations period.  Exhibit F, Affidavit of Mark Limric.  The court decided to adjourn the hearing on the Michigan Motion so that the parties could investigate issues of venue.

At the conclusion of a telephonic hearing on November 7, 2011, the Michigan court set aside the default judgment, but denied Balsly's motion to dismiss the case on jurisdiction and statute of limitations grounds.  Thus, the factual and legal bases for Balsly's FDCPA claim now before this Court are already being litigated in Michigan.

**ARGUMENT**

I.  **THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS**

This Court should dismiss the Complaint filed by Kevin Balsly on the basis that this Court lacks personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). None of the Defendants reside in or do business in the Commonwealth of Virginia.

A.  **General Scope of Personal Jurisdiction**

When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *eServices, LLC v. Energy Purchasing, Inc.,* 2010 U.S. Dist. LEXIS 142035 (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003)). "If a plaintiff makes the requisite showing, the defendant then bears the burden of presenting a 'compelling case,' that, for other reasons, the exercise of jurisdiction would be so unfair as to violate due process." *Reynolds Foil, Inc. v. Pai,* No. 3:09cv657, 2010 U.S. Dist. LEXIS 28473, 2010 WL 1225620, at *1 (E.D. Va. Mar. 25, 2010) (*quoting Burger King v. Rudzewicz,* 471 U.S. 462, 477-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Under Rule 12(b)(2), the accepted practice is to consider the extra-pleading material rather than accept the allegations of the complaint as true. *See Wilson-Cook Medical, Inc. Wilson*, 924 F.2d 247, 253 (4th Cir. 1991). "For purposes of the motion to dismiss, the reviewing court may presume that any uncontradicted evidence submitted by either party is true." *eServices, LLC v. Energy Purchasing, Inc.,* at 23. Plaintiff cannot meet his initial burden of proving that jurisdiction is proper by a preponderance of the

evidence and because this Court has neither specific nor general personal jurisdiction over the defendants, the Court must dismiss the Complaint.

Federal Rule of Civil Procedure 4(e) provides that district courts have personal jurisdiction over non-residents "to the extent authorized under the law of the forum state in which the district court sits." In evaluating whether personal jurisdiction exists, the Court must engage in a two-step analysis. The Court must first determine if jurisdiction is proper under Virginia's long-arm statute. If so, then the Court must determine whether the exercise of personal jurisdiction complies with the due process principles of fair play and substantial justice. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404 (1987). Plaintiff bears the burden of proving that Defendants are subject to the personal jurisdiction of this Court. *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

## B.   Virginia's Long-Arm Statute Does Not Confer Jurisdiction Over Defendants

None of the provisions in Virginia's long-arm statute would support a claim of jurisdiction in this case. The statute reads, in pertinent part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1.   Transacting any business in this Commonwealth;
> 2.   Contracting to supply services or things in this Commonwealth;
> 3.   Causing tortious injury by an act or omission in this Commonwealth;
> 4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;
>
> *Va. Code* § 8.01-328.1(A).

6

The Law Firm is a professional corporation incorporated and existing under the laws of the State of Michigan and is located in Kentwood, Michigan. Exhibits G and H ¶ 4. Two of the Law Firms' attorneys, co-Defendant Michelle Born-Fischer and Steven Bratschie, are residents of the State of Michigan and both work for the Law Firm. Neither of the individual Defendants are licensed to practice law in a state other than Michigan and do not conduct business for the Law Firm or themselves personally in the Commonwealth of Virginia. Exhibits G and H ¶ 1, 3.  Similarly, WMDC is a debt-buying company incorporated under the laws of the State of Michigan and has its principal place of business in Michigan. Exhibits G and H ¶ 7.  It rarely conducts any business outside of the State of Michigan, let alone in Virginia.  Exhibits G and H ¶ 4, 8. Balsly admits in his Complaint that WMDC is a "foreign corporation" Complaint ¶ 3. Furthermore, none of the Defendants:

- Own or lease real or personal property in Virginia
- Owe or have been required to pay taxes in Virginia
- Maintain an office in Virginia
- Maintain a registered agent for service in Virginia
- Have employees in Virginia or
- Advertise or otherwise conduct business within Virginia.

While Plaintiff asserts broadly that "all the transactions and occurrences which give rise to this action occurred in the Eastern District of Virginia," (Complaint ¶2), Balsly then alleges that the actions all took place in the State of Michigan, which is the basis for this FDCPA suit, stating Defendants' violated the act by filing suit in Michigan, which was "in the wrong venue in violation of the FDCPA, 15 U.S. Section 1629i." Complaint ¶ 14.

The sole contact purportedly supporting personal jurisdiction and venue in this matter is the fact that Balsly was personally served with a Michigan lawsuit at his place of employment in Virginia - service which is ironically also being disputed by Balsly in the Michigan suit as discussed in more detail below. Defendants, especially the individual defendants, have no contacts with Virginia and could not reasonably have anticipated being haled into the court in Virginia by requesting service on Balsly in Virginia with a Michigan lawsuit. Because this Court lacks personal jurisdiction over the Defendants, Plaintiff's Complaint should be dismissed.

**C.    The Exercise of Personal Jurisdiction Would Not Comport With Due Process**

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if he or she has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. c Washington,* 326 U.S. 310, 316,66 S. Ct. 154, 90 L.Ed. 95 (1945). There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant – general jurisdiction and specific jurisdiction. A defendant who has "continuous and systematic general business contacts in the forum" is subject to "general" personal jurisdiction for any claims, whether arising out of those contacts or not. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 416 (1984). If such continuous and systematic business contacts do not exist, however, a court may still exercise "specific" personal jurisdiction over a defendant if the claims asserted arise out of the defendant's actions that take place in or are supposedly directed to the forum:

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." Jurisdiction is proper; however, where the contacts proximately result from the actions by the defendant himself that create a "substantial connection" with the forum State.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (citations omitted). In all cases, the court's exercise of personal jurisdiction must comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *Burger King,* 471 U.S. at 474 (quoting *World-Wide Volkswagon Corp. v Woodson*, 444 U.S. 286, 297 (1980)). Reasonableness is judged, among other things, in light of the burden on the defendant, the forum state's interest in adjudicating the dispute, and the plaintiff's interest in convenient and effective relief.

### i.    The Court Lacks Specific Personal Jurisdiction Over the Defendants

The United States Court of Appeals for the Fourth Circuit has adopted a three-part test to determine whether specific jurisdiction exists. The Court must consider:

"(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable."

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d at 712 (2002). With respect to the first factor, "no clear formula [exists] for determining what constitutes 'purposeful availment.'" *eServices, LLC v. Energy Purchasing, Inc.* at 26, citing *Reynolds Foil, Inc.*, 2010 U.S. Dist. LEXIS 28473, 2010 WL 1225620, at *2. The Court may consider, however, whether the defendant maintains offices or agents in the forum state; whether

the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality, and extent of the parties' communications about the business transactions; and, whether the performance of contractual duties was to occur within the forum. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted). "If, and only if . . . the plaintiff has satisfied this first prong of the test for specific jurisdiction need [the Court] move on to a consideration of prongs two and three." *Id.*

"The second prong of the test for specific jurisdiction ... requires that the defendant's contacts with the forum state form the basis of the suit." *Id.* at 278-79 (*citing Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). The third prong of the specific jurisdiction test "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Id.* at 279. Specifically, the Court may consider:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Id.* (citing Burger King, 471 U.S. at 477).

Balsly cannot establish specific personal jurisdiction over the Defendants because he cannot demonstrate that his claims arise out of any purported actions by the Defendants that took place in Virginia or that Defendants "purposefully availed themselves of the privilege of conducting activities within" Virginia. "As a general rule, each defendant's contacts with a forum state must be assessed individually." *eServices, LLC v. Energy Purchasing, Inc.,* 2010 U.S. Dist. LEXIS 142035, citing *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 527 (E.D. Va. 2009).

First, neither the Law Firm nor WMDC and especially not the individual Defendants, had any business relationships with Balsly nor any other parties in Virginia such that they should be subject to this Court's jurisdiction. It can hardly be said that WMDC actions, through the Law Firm and its attorneys, of requesting service on Balsly in Virginia with a suit which was filed in Michigan was an action which "purposefully availed" Defendants of the privilege of conducting activities in Virginia.

Mr. Bratschie's only contacts with Virginia relate to the fact that he is the owner of the Law Firm and president of WMDC, which is a tenuous connection to Virginia at best. Mr. Bratschie never performed any phone calls, sent letters, or otherwise solicited business within Virginia so as to subject himself to jurisdiction within the State. Likewise, Michelle Born-Fischer's connection to Virginia is even weaker, as she has no ownership in the Law Firm or WMDC. She is merely an employee of the Law Firm, which was retained by WMDC to assist in the collection on its judgment against Balsly.

The evidence before the Court does not suggest that any of the Defendants, particularly Mr. Bratschie and Ms. Born-Fischer, availed themselves of the privilege of conducting business in Virginia. Aside from the Law Firm hiring a process server to

serve the Michigan complaint upon Balsly in Virginia, neither the Law Firm nor any of its employees had any contact with Virginia. None of the Defendants maintain any offices or agents in Virginia and they do not own any real property in Virginia. While the actions of serving Balsly in Virginia with the Michigan lawsuit were done on behalf of WMDC in furtherance of its collection of the debt owed, the Law Firm and individual Defendants had no other interactions with the State of Virginia. At a minimum, the Complaint should be dismissed as to the Law Firm and the individual named Defendants for lack of personal jurisdiction.

Likewise, the Complaint should be dismissed for lack of personal jurisdiction as to WMDC because the company does not regularly transact business in or conduct or solicit business in Virginia and has never traveled to Virginia to solicit business or negotiate contracts, nor has it caused tortious injury in Virginia. The only contacts made by WMDC with the State of Virginia was domesticating its Michigan judgment in Virginia as provided for and authorized by Virginia Statute and WMDC hired local counsel in order to do so. The Law Firm and the individual Defendants discontinued their representation of WMDC in the matter once the domestication of the judgment in Virginia had begun, as they were replaced by local counsel in Virginia. However, because of the Michigan Motion filed by Balsly, all actions by WMDC were voluntarily stopped until the matter could be resolved in Michigan. Therefore, the filing of this Complaint is premature as the Michigan Motion has not yet been resolved. Furthermore, Plaintiff implicitly concedes that the Defendants' alleged acts took place in Michigan, not Virginia, therefore Plaintiff cannot prove the minimum contacts necessary to confer

12

jurisdiction to this Court. Accordingly, this Court may not exercise specific personal jurisdiction over the Defendants.

In *eServices, LLC v. Energy Purchasing, Inc.,* 2010 U.S. Dist. LEXIS 142035, this Court held that the Defendant's mere phone calls, faxes, and letters to Plaintiff's office did not provide a sufficient basis for the Court to exercise personal jurisdiction. Citing to *Superfos Invs. Ltd. v. FirstMiss Fertilizer, Inc.*, 774 F. Supp. 393, 397-98 (E.D. Va. 1991), the *eServices* Court held that:

> "it is generally held that **mere phone calls and letters, and arguably fax communications, in furtherance of a transaction are insufficient to form a basis for** personal jurisdiction." Accordingly, the Court finds that these limited contacts with Virginia do not support a finding that Buchart [the Defendant] purposefully availed himself of this forum."

*Id* at 37. (emphasis assed). For this reason, Defendants' actions of effectuating service on Balsly in Virginia should not establish a sufficient basis for personal jurisdiction.

Even assuming *arguendo* that there is a basis for asserting jurisdiction over the Defendants in Virginia, doing so would offend traditional notations of fair play and justice. As the Court held in *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 942 (4th Cir. 1994), cert. denied, 130 L. Ed. 2d 1070, 115 S. Ct. 1103 (1995):

> Having concluded that the exercise of specific jurisdiction and general jurisdiction are properly authorized, the court must determine whether such jurisdiction would offend traditional notions of fair play and substantial justice.
>
> Thus, courts may evaluate "the burden on the defendant", "the forum state's interest in adjudicating the dispute", "the plaintiff's interest in obtaining convenient and effective relief", "the interstate judicial system's interest in obtaining the most efficient resolution of controversies", and the "shared interest of the several States in furthering fundamental substantive social policies" . . . . Where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other consideration would render jurisdiction unreasonable.

13

*Id.* at 529 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). These factors weigh heavily against the exercise of personal jurisdiction in Virginia. First of all, Defendants would suffer an enormous burden if they were forced to litigate in Virginia, especially the individual Defendants. Aside from the legal expenses they would incur, both of the individual Defendants have families which depend on them for child rearing responsibilities and it would be a tremendous hardship to be away from their young children and find alternate caregivers, especially for Attorney Michelle Born-Fischer, for example, who has a four-year-old daughter who is in preschool. Having to spend precious time away from their families to testify out of state for hearing and for trial in this matter would be a tremendous burden.

> ii.    **The Court Lacks General Personal Jurisdiction over the Defendants**

"If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. . . . [I]f the defendant's contacts with the State are not also the basis for suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the State." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & nn.8-9 (1984)).

This Court held in *Boyd v. Green*, 496 F. Supp. 2d 691, 704 (W.D. Va. 2007), that general jurisdiction requires "substantial forum related activity on the part of the defendant," of which Plaintiff has failed to allege any substantial forum-related activity by the Defendants because none exists. There is no evidence to suggest that Defendants maintain continuous and systematic contacts with Virginia such that this Court may

exercise general jurisdiction. Indeed, whatever the contacts this Court finds the Defendants may or may not have with the State, they are so attenuated as to barely have existed at all. It is only where "continuous corporate activity within a state [is] thought to be so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities" may a court assert general jurisdiction over a defendant. *International Shoe*, 326 U.S. at 318. Consequently, this Court should find that the Defendants contacts with Virginia fail to meet the "more demanding standard" necessary to establish general jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 at 712 (2002).

As set forth above, Defendants have not purposefully directed their actions to the Commonwealth of Virginia. Accordingly, they are not subject to the personal jurisdiction in this state. WMDC, through the Law Firm and its attorneys, Michelle Born-Fischer and Steven E. Bratschie, through its actions of having a Michigan lawsuit personally served upon a Virginia resident are insufficient to subject them to jurisdiction here. Wherefore, the Defendants respectfully request that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

## II.    THE COURT SHOULD DISMISS OR STAY THIS MATTER ON ABSTENTION GROUNDS

For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied.  As a threshold requirement, there must be a parallel proceeding in state court. *Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236. Second, exceptional circumstances warranting abstention must exist.  *Id.*   Although there is no bright-line test, the Supreme Court has recognized several factors that are relevant in determining whether a particular case presents such exceptional circumstances: (1) jurisdiction over

the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; (6) whether state court proceeding are adequate to protect the parties' rights; and (7) whether the later-filed lawsuit is reactive or vexatious. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983). A decision to abstain does not require the presence of all of the factors. *Sto Corp. v. Lancaster Homes, Inc.*, 11 Fed. Appx. 182, 187 (4th Cir. 2001). Exceptional circumstances exist in this case, and abstention will promote the efficient and comprehensive resolution of this dispute.

### A.      Parallel Proceedings Exist

Two suits are considered parallel "if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. International Union*, 946 F.2d 1072, 1073 (4th Cir. 1991); *Jackson Hewitt, Inc. v. J2 Fin. Servs., Inc.*, 901 F. Supp. 1061, 1066 (E.D. Va. 1995) ("[F]ederal and state cases may be parallel despite the fact that the cases are not currently mirror images."). Balsly asserts only two bases for his FDCPA claim pending before this Court: (1) Defendants allegedly violated the venue provision of the FDCPA by filing suit in Michigan, and not Virginia; and (2) Defendants allegedly violated the FDCPA by attempting to collect a debt that is barred by the statute of limitations.

Both of these issues have been or will be litigated in the Michigan action. Exhibits D and E, Affidavits of Michele Born-Fischer and Steven E. Bratschie, ¶¶ 9. First, 15 U.S.C. section 1692i(a) provides that any legal action on a debt against any consumer may be brought in the venue where the consumer signed the contract or where

16

the consumer resided at the commencement of the action.  Not only was this issue raised

by Balsly and rejected by the Newport News Circuit Court in ruling on Balsly's motion

to set aside default judgment, quash service, and dismiss complaint, but this issue is also

being litigated in the Michigan action.  The parties presented evidence and argument to

the Michigan court concerning the origination of the contract and Balsly's residence at

the commencement of the action.  Notably, the Michigan court found sufficient contacts

to exercise personal jurisdiction over Balsly.  Even if Balsly were a resident of Virginia at

the time the Michigan action commenced, Defendants had a reasonable belief Balsly

resided in Michigan, and the FDCPA provides that there can be no liability it the

violation was unintentional and resulted from a bona fide error notwithstanding the

maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. section

1692k(c).

Second, Balsly has already raised the statute of limitations issue in the Michigan

action and the Michigan court denied his Motion to Dismiss on that ground.   Balsly will

have a full and fair opportunity to assert this defense in the Michigan action, to the extent

he believes Michigan's six-year statute of limitations does not apply. Although Balsly

opted not to pursue his FDCPA claim in Michigan, the resolution of the Michigan action

may be completely dispositive of the instant matter before this Court because they have

overlapping factual and legal issues. Thus, the first threshold requirement under

*Colorado River* is satisfied.

### B.    Exceptional Circumstances Warrant Abstention

Turning to the considerations outlined by *Colorado River* and its progeny, the

balance of factors strongly favors abstention in this case, given that the same parties are

now entrenched in litigation in Michigan, which will resolve the identical factual and legal issues presented by the instant case.

The first factor, whether either court has asserted jurisdiction over the property, is inapplicable as there is no *res* involved in this litigation. The second factor is the inconvenience of the federal forum. As detailed above, litigation in Virginia would a substantial, undue hardship on Defendants, particularly if they have to defend themselves against two similar suits in two different forums.

Courts have deemed the third factor – the avoidance of piecemeal litigation – as the most important of the *Colorado River* factors. *Holland v. Hay*, 840 F. Supp. 1091, 1101 (E.D. Va. 1994), and it is the strongest justification for abstention in this case. When different tribunals consider the same issue, they necessarily duplicate efforts, and they may possibly reach different results. As Judge Smith recognized in *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp.2d 605 (E.D. Va. 2004), duplicative litigation is a "severe waste of judicial resources" and the *res judicata* problems it raises strongly favor abstention. *Id.* at 612.

In *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002), the Fourth Circuit held that the district court abused its discretion in refusing to abstain in an action in which the plaintiff sought to have a California arbitration award vacated. The arbitration award was confirmed by a California state court, but that decision was subject to an appeal. The Fourth Circuit held that the existence of "two competing parallel actions seek[ing] to apply the same law in deciding whether to enforce or vacate the same arbitration award" presented such extraordinary circumstances to warrant

abstention under the *Colorado River* doctrine, and it was error for the district court not to do so.  *Id*. at 340.

In the instant matter, the same issues are being pursued in both the Michigan court and this Court, creating a real and substantial danger of conflicting and competing judgments.  To permit the instant federal case to proceed could result in conflicting decisions concerning the claims and rights of the parties.  Thus, the avoidance of piecemeal litigation strongly favors abstention.

In applying the fourth factor, courts should consider the order in which jurisdiction was obtained.  This factor also supports abstention in favor of the Michigan court.  Given the progress that has been made in the Michigan court, this Court should abstain from exercising jurisdiction over the later-filed action now before it.

Turning to the fifth factor, although Plaintiff is seeking damages in this action pursuant to the Federal Debt Collection Practices Act, the Michigan action has the potential to be completely dispositive of the instant action.  Accordingly, the best use of judicial resources would be dismiss or stay this action pending the outcome of the Michigan action.

The sixth factor – whether the state court can adequately protect Balsly's rights – favors abstention.  In *Moses H. Cone*, the Supreme Court acknowledged that the presence of state law issues may weigh in favor of abstention. *See also Jacobson v. City of Chicago*, 233 F.Supp.2d 1001, 1008 (N.D. Ill. 2002) (presence of exclusive state law claims favored abstention); *Kawecki ex rel. Marlowe v. County of Macomb*, 367 F.Supp.2d 1137, 1149 (E.D. Mich. 2005) ("Simply put, state court procedures exist for looking into the matters of which Plaintiff complains, and nothing in the record suggests

that these procedures might prove inadequate to address the particular circumstances presented here."); *Lisa, S.A. v. Mayorga*, 232 F.Supp.2d 1325, 1328 (S.D. Fla. 2002) (where state court rules adequately protected the plaintiff's rights in the state court action, abstention under *Colorado River* was warranted).

The seventh and last *Colorado River* factor also justifies abstention, as the filing of the instant lawsuit was plainly reactive to Defendants' suit in Michigan and refusal to dismiss the garnishment proceeding in Newport News Circuit Court.  Balsly filed this action in an effort to secure a "second bite at the apple" in a different forum should his residence and statute of limitations argument fail in Michigan.  It is this type of judicially inefficient forum-shopping that the *Colorado River* doctrine was designed to prevent.

The balance of the relevant factors weighs heavily in favor of abstention. Consequently, the interests of judicial economy favor this Court's exercise of its inherent equity power to dismiss or stay this litigation.

## III.    CONCLUSION

Thus, for the reasons set forth above, Defendants West Michigan Debt Collections, Inc., Steven E. Bratschie & Associates, P.C., Steven E. Bratschie, and Michele Born-Fischer, by counsel, respectfully request that this action be dismissed or, in the alternative, that this matter be stayed pending the outcome of the Michigan action.

**WEST MICHIGAN DEBT COLLECTIONS, INC., STEVEN E. BRATSCHIE & ASSOCIATES, P.C., STEVEN E. BRATSCHIE, AND MICHELE BORN-FISCHER**

By Counsel

/s/_____
John R. Owen, Esquire
VSB No. 39560
Danielle D. Giroux, Esquire
VSB No. 45401
*Attorneys for Defendants West Michigan Debt Collections, Inc., Steven E. Bratschie & Associates, P.C., Steven E. Bratschie, and Michele Born-Fischer*
HARMAN, CLAYTOR, CORRIGAN
   & WELLMAN, P.C.
P.O. Box 70280
Richmond, Virginia  23255
804.747.5200
804.747.6085 - Facsimile
jowen@hccw.com
dgiroux@hccw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of November 2011, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Leonard A. Bennett, Esq.
> Robin A. Abbott, Esq.
> Gary L. Abbott, Esq.
> Susan M. Rotkis, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 100
> Newport News, VA 23606

> /s/_____
> John R. Owen, Esquire
> VSB No. 39560
> Danielle D. Giroux, Esquire
> VSB No. 45401
> *Attorneys for Attorneys for Defendants West*
> *Michigan Debt Collections, Inc., Steven E.*
> *Bratschie & Associates, P.C., Steven E.*
> *Bratschie, and Michele Born-Fischer*
> HARMAN, CLAYTOR, CORRIGAN
>    & WELLMAN, P.C.
> P.O. Box 70280
> Richmond, Virginia  23255
> 804.747.5200
> 804.747.6085 - Facsimile
> jowen@hccw.com
> dgiroux@hccw.com

22