STATE OF MICHIGAN
2A DISTRICT COURT

WEST MICHIGAN DEBT COLLECTIONS, INC,

    Plaintiff,

vs.                                         Case No. 10-3773-GCK

KEVIN BALSLY,

    Defendant.
_____/

| | |
|---|---|
| Michelle Born-Fischer (P67527)<br>Steven E. Bratschie & Associates PC<br>Attorney for Plaintiff<br>2180 44Th St Se Ste 300<br>Kentwood, MI 49508-5093<br>Phone: (616) 454-6005 | Limited Appearance:<br>Adam G. Taub (P48703)<br>ADAM G. TAUB & ASSOCIATES<br>CONSUMER LAW GROUP, PLC<br>Attorney for Defendant<br>17200 West 10 Mile Rd #200<br>Southfield, MI 48075<br>Phone: (248) 746-3790<br>E-mail: adamgtaub@clgplc.net |

**BRIEF IN SUPPORT OF
MOTION TO 1) SET ASIDE DEFAULT and DEFAULT JUDGMENT
2) QUASH SERVICE; and 3) DISMISS COMPLAINT**

**Statement of Facts**

[NB: These facts are supported by the attached affidavit of Kevin ]

Defendant first became aware of this lawsuit when he received a Notice of Filing of Foreign Judgment about two weeks ago at his current address in Hayes, Virginia.

This case was filed on October 1, 2010 by West Michigan Debt Collections, Inc ("WMD Collections") seeking to recover on an alleged debt owed by Kevin Balsly. WMD Collections claims to have served the complaint between January 10, 2011 and April 15, 2011, and consequently on April 27, 2011, Plaintiff took a default judgment against the Defendant. Shortly thereafter,

2



Plaintiff began to attempt a domestication of the judgment in Virginia.

While Plaintiff claims to have served Kevin Balsly at 303 Fairway Cove in Tecumseh, Michigan this is not the true state of affairs. What is true comes from the sworn statement of the Plaintiff:

Defendant was never served, personally or otherwise, with this lawsuit. Mr. Balsly moved to Virginia in September of 2006 and has not been back in Michigan since then. He has not resided at 303 Fairway Cove in Tecumseh, Michigan since early 2003 nor has he been back to that address since then.

Mr. Balsly resides at 6959 Woodsville Road in Hayes, in the Commonwealth of Virginia and has lived there for approximately three years.

**It is crucial for this court to note that Mr. Balsly did not receive a copy of the default judgment from this Court**; the default judgment is addressed to 12490 Jefferson Ave. in Newport News, Virginia. Defendant does not reside, nor has he ever resided at 12490 Jefferson Ave. in Newport News, Virginia. Newport News is about 25 miles away from where Mr. Balsly lives.

This is not an isolated incident. On at least two other pleadings, the Plaintiff has mislead the Court. First, in the summons, the Plaintiff represents that the place where the action arose or the business was conducted was in Tecumseh, Michigan. This contradicts the sworn statement of the Defendant, who did not buy any jewelry in Tecumseh, Michigan. Further, in its motion for a second summons, the Plaintiff represents that it used due diligence to try to locate the Defendant, but an examination of the postal search reveals that the Plaintiff searched the name "Balsi."

3

## Law and Argument

1. **THIS COURT HAS NOT ACQUIRED JURISDICTION OVER THE DEFENDANT BECAUSE THERE WAS NO EFFECTIVE SERVICE OF PROCESS AND THE DEFAULT JUDGEMENT IS THEREFORE VOID.**

The Michigan Court Rules prescribe the proper and legal means of service. Service of process on an individual is effected when the Plaintiff delivers a copy of the complaint to the Defendant.

> (A) Individuals. Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A).

As explained by the Court Rules, the rules governing service of process are designed to comply with the constitutional requirements of *due process.*

**Where, as in this case, the Plaintiff fails to notify the Defendant of the proceedings, the Court has no jurisdiction to adjudicate the claim:**

> (3) An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

MCR 2.105(K)(3).

Case law explains that defective service deprives the court of jurisdiction where there is not substantial compliance with *due process.*

4

MCR 2.105(D)(2) provides that service of process on a corporation in bankruptcy may be made by serving the trustee and mailing a copy of the complaint to the corporation's principal office. Pyramid admits that it did not mail a copy of the complaint to Jordan's principal office. **Where service of process is defective, the trial court may be deprived of personal jurisdiction over the defendant and left without legal authority to render a judgment.** *Dogan v. Michigan Basic Property Ins. Ass'n,* 130 Mich.App. 313, 320, 343 N.W.2d 532 (1983). [emphasis added]

*Alycekay Co. v. Hasko Const. Co., Inc.*, 180 Mich.App. 502, 505-5-6, 448 N.W.2d 43 (1989). Under this rule, if there is no service and no actual notice of the complaint, then there is simply no jurisdiction.

In this case, the Plaintiff never served Mr. Balsly, and Mr. Balsly never received service of the complaint. More importantly, Mr. Balsly did not learn of the pending suit until very recently when Plaintiff began garnishment. The Affidavit of Mr. Balsly establishes that ***Defendant was not served with the summons and complaint as described*** in their filings, and to the contrary, the Return of Service is fraudulent. For these reasons, the default, default judgment and garnishment should be set aside, and the Court should quash service. Additionally, the Court should dismiss the case based upon the failure of the Plaintiff to actually serve the complaint within the time allowed. MCR 2.102(D).

2. **THE JUDGEMENT IN THIS CASE WAS PROCURED BY FRAUD AND SHOULD BE SET ASIDE.**

Where a judgment has been procured by fraud upon the Court, the Court Rules provide that the Defendant may seek to set aside a judgment. The Court Rules specifically provide for this relief:

(C) Grounds for Relief From Judgment.

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

5

\* \* \*

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

\* \* \*

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. A motion under this subrule does not affect the finality of a judgment or suspend its operation.

MCR 2.612(C).

Under this rule, where a judgment has been procured by fraud, the Court may set aside the judgment. As set forth above, the evidence before the Court reflects that service was not proper in this case and the Plaintiff was aware of that its information regarding service was not proper. For these reasons, the default, default judgment and garnishment should be set aside, and the Court should quash service. Additionally, the Court should dismiss the case based upon the failure of the Plaintiff to actually serve the complaint within the time allowed under the Michigan Court Rules.

3. **EVEN ASSUMING THAT THIS COURT DID PROPERLY EXERCISE JURISDICTION, THE DEFENDANT WAS NOT NOTIFIED AND DEFAULT JUDGMENT MUST BE SET ASIDE.**

Finally, and even assuming that the Court did acquire jurisdiction over Mr. Balsly, the Court may still yet dismiss for improper service within the time allowed. MCR 2.102(D). Under this rule, if the Court may dismiss where, as here, the Plaintiff failed to properly serve:

> (B) Defendant Not Personally Notified. A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.

MCR 2.612(B).

6

Thus, if the Court did properly exercise jurisdiction, but the complaint was not properly served, the Court may set aside a default judgment. This provision envisions those instances where the Court is satisfied that the Defendant had notice of the complaint and could have answered, but service was not proper.

In this case, it is clear that the complaint in this case was not served upon Mr. Balsly. At the same time, this motion is tendered well within a reasonable time, and well within the one year provided by the Court Rule.

4. **DEFENDANT HAS SHOWN GOOD CAUSE AND A MERITORIOUS DEFENSE**

Defendant's affidavit sets forth not only good cause, as previously discussed, but Mr. Balsly also has defenses challenging whether he owes anything at all and whether the debt is time-barred.

## CONCLUSION

For the reasons set forth herein, the default and default judgment should be set aside, and the Court should quash service. Additionally, the Court should dismiss the case based upon the failure of the Plaintiff to actually serve the complaint within the time allowed.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Kevin Balsly
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: August 24, 2011

7

STATE OF MICHIGAN
2A DISTRICT COURT

WEST MICHIGAN DEBT COLLECTIONS, INC,

    Plaintiff,

vs.                                      Case No. 10-3773-GCK

KEVIN BALSLY,

    Defendant.

| Michelle Born-Fischer (P67527)<br>Steven E. Bratschie & Associates PC<br>Attorney for Plaintiff<br>2180 44th St Se Ste 300<br>Kentwood, MI 49508-5093<br>Phone: (616) 454-6005<br>E-mail: mbornfischer@bratschie.com | Adam G. Taub (P48703)<br>ADAM G. TAUB & ASSOCIATES<br>CONSUMER LAW GROUP, PLC<br>Attorney for Defendant<br>17200 West 10 Mile Rd #200<br>Southfield, MI 48075<br>Phone: (248) 746-3790<br>E-mail: adamgtaub@clgplc.net |
|---|---|

### Affidavit of Lack of Service, Good Cause and Meritorious Defense of Kevin Balsly

1. My name is Kevin Balsly and I am the Defendant to this lawsuit.

2. I was never served, personally or otherwise, with this lawsuit.

3. I moved to Virginia on or about September 22, 2006 and I have not been back in Michigan since then.

4. I have not resided at 303 Fairway Cove in Tecumseh, Michigan since early 2003 nor have I been back to that address since then.

5. I was not at 303 Fairway Cove in Tecumseh, Michigan to be served with this lawsuit.

6. I first became aware of this lawsuit when I received a Notice of Filing of Foreign Judgment about two weeks ago at my current address in Hayes, Virginia.

7. I reside at 6959 Woodsville Road in Hayes, VA; I have lived here approximately three years.

1

8. I did not receive a copy of the default judgment from this Court; the default judgment is addressed to 12490 Jefferson Ave. in Newport News, Virginia.

9. I do not reside, nor have I ever resided at 12490 Jefferson Ave. in Newport News, Virginia.

10. Newport News is about 25 miles away from where I live.

11. I do not owe the Plaintiff any money.

12. This is not an account stated nor an open account.

13. In 1998 or 1999, I purchased jewelry on credit, in Virginia, before I moved to Michigan, but I believe that debt was paid in full; if there was a small balance, the last payment I made was in the year 2000.

14. The statute of limitations for sale of goods is four years in Michigan; even if I owed a small balance in 2000, any alleged debt is now time-barred.

15. Even if this is a credit card account, the statute of limitations is six years in Michigan; even if I owed a small balance in 2000, any alleged debt is now time-barred.

THE STATEMENTS HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

**Signed and dated this day, August 23, 2011**

_Kevin Balsly_
Kevin Balsly

Commonwealth of Virginia )
                         )ss.
City of Newport News     )

Subscribed and sworn to before me this 23rd day of August, 2011.

_Donna Blau_
Notary Public, _____

My commission expires: 2/28/13

DONNA BLAU
NOTARY PUBLIC
REG. #7204647
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 2/28/13

2