STATE OF MICHIGAN

IN THE 2-A DISTRICT COURT FOR THE COUNTY OF LENAWEE

| | |
|---|---|
| WEST MICHIGAN DEBT COLLECTIONS, INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v<br><br>KEVIN BALSLY,<br><br>Defendant. | Case No. 10-3773-GCK<br><br>HON.<br><br>**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT, QUASH SERVICE, AND DISMISS COMPLAINT AND PROOF OF SERVICE THEREON**<br><br>**Hearing Date: September 21, 2011**<br><br>**Hearing Time: 3:15 p.m.** |
| Michelle Born-Fischer (P67527)<br>Steven E. Bratschie (P35726)<br>STEVEN E. BRATSCHIE & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>2180 - 44th Street SE, Suite 300, PO Box 8428<br>Kentwood, MI 49518-8428<br>(616) 454-6005 | Adam G. Taub (P48703)<br>ADAM G. TAUB & ASSOCIATES, PLC<br>CONSUMER LAW GROUP, PLC<br>Attorney for Defendant<br>17200 West 10 Mile Road #200<br>Southfield, MI 48075<br>(248)746-3790 |

Plaintiff, S&D Investors, LLC, by and through its attorneys, Steven E. Bratschie & Associates, P.C., hereby submits its Response to Defendant Kevin Balsly's Motion to Set Aside the Default and Default Judgment, Quash Service, and Dismiss Complaint.

## I.   STATEMENT OF FACTS

On or about June 25, 2000 Kevin Balsly ("Defendant") requested an extension of credit from Sterling Silver Jewelers, Inc. aka J.B. Robinson Jewelers ("Original Creditor") on a credit card account ("Account"), specifically account number███████3750 for the purposes of financing several jewelry purchases made by the Defendant on that same date. Defendant made payments on the Account for approximately six years. The last payment made on the Account was in the

1



amount of $100.00 which was paid on August 14, 2006. Attached as **Exhibit 1** hereto is an Account Inquiry/Summary from Original Creditor which was provided to Plaintiff after the sale of the Account and evidences these same dates/amounts, including the principal balance of $2,338.40, which was outlined in the Complaint (SSN has been redacted for privacy).

After several months of non-payment, the Original Creditor charged off the Account and it was subsequently sold/assigned to S&D Investors, LLC (Plaintiff) on June 10, 2008, who is currently the holder and owner of all of the rights, interest, and title to the Account. (A copy of the Bill of Sale is attached to the Complaint as Exhibit 2.)

Prior to filing suit, Plaintiff's counsel conducted skip tracing in order to locate the Defendant, which included running a postal search with the Postmaster of Tecumseh, Michigan, where the Defendant was believed to reside at the time. The postal search confirmed the Defendant's address to be 303 Fairway Cove in Tecumseh, MI, which is within the jurisdiction of this Court; hence Plaintiff's reason for filing the suit in this Court. A copy of the postal search, which indicates there is "No change of address order on file" and that mail is "delivered as addressed" is attached hereto as **Exhibit 2.**

Plaintiff instituted this action on October 7, 2010 by filing a Summons and Complaint with this Court. It was not until personal service was attempted on the Defendant, however, that Plaintiff became informed that he was no longer living at the Tecumseh address. Consequently, Plaintiff's counsel sent another postal search to the Postmaster in Tecumseh on December 17, 2010, hoping to get a forwarding address for the Defendant. However, it still came back indicating that the Defendant's mail was being "delivered as addressed." A copy of the postal search was thereafter attached in support of Plaintiff's Motion for Order for Second Summons, which the Court subsequently granted. A copy of the December 17, 2010 postal search has been

attached hereto as **Exhibit 3** (the same as that which was attached to Plaintiff's Motion for a second summons). Plaintiff had until April 11, 2011 to serve the Defendant under the Second Summons.

Plaintiff conducted additional skip tracing on the Defendant in an attempt to locate him and found that he was employed by Ferguson Enterprises, Inc., ("Ferguson") located in Newport News, Virginia. Thereafter, Defendant was <u>personally served</u> with the Summons and Complaint and Motion and Order for Second Summons on March 9, 2011 at his then work assignment through Ferguson, which was located at 12490 Jefferson Ave. The Proof of Service states specifically that:

## KEVIN BALSLY
## 12490 JEFFERSON AVENUE, NEWPORT NEWS, VA 23606

Date and time of service:   3/9/2011 @ 12:21 PM

METHOD OF SERVICE:

*PERSONAL SERVICE*

| Approx Desc | Skin Male | Hair Brown | Age 40-50 | Height 6+ | Weight 150-200 |
|---|---|---|---|---|---|

The Affidavit of Personal Service was signed and notarized by the Process Server, Deborah J. Biggers on March 10, 2011. A copy of the Proof of Service is attached hereto as **Exhibit 4**.

The Summons clearly states (and pursuant to MCR 2.111(C)):

"2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state)." (emphasis added).

Michigan court rules clearly allow for a Defendant to be served outside of this state and additional time is afforded to them to respond when service is effectuated in this manner.

3

However, the Defendant failed to respond in any way whatsoever to this action, despite the fact that he was personally served. As a result, a default and default judgment was submitted to the court after the 28 days to respond expired.

The Court entered the default judgment on April 27, 2011 and the Clerk of the Court served a copy of the entered default and default judgment upon the Defendant at the Virginia address where Defendant was served with the Summons and Complaint. A copy of the Default, Default Judgment, and Certificate of Service is attached hereto as **Exhibit 5**. Despite being served with a copy of the Default and Default Judgment, the Defendant still took no action and after the twenty one day appeal period expired, Plaintiff began to pursue collection actions on its judgment, specifically by domesticating the Michigan Judgment in Virginia in early August.

Defendant was served with a copy of the domesticated judgment and still took no action to challenge this matter. It was not until Defendant's wages were being garnished via a valid wage assignment that he then filed an "Objection to Filing a Domestication of Foreign Judgment" and sought to have the garnishment quashed with the Court in Virginia on August 23, 2011 that any response was received regarding this matter from the Defendant. Local counsel from Virginia attended the hearing, wherein Defendant's Motion was denied. A copy of the Order is attached hereto as **Exhibit 6**.

On August 24, 2011 Defendant filed this motion alleging, among other things that there has been "no effective service" of the Complaint or the default and default judgment. Plaintiff has filed this response thereto.

## II.    APPLICABLE LAW AND ARGUMENT

The Michigan Supreme Court has stated that Michigan policy is <u>generally against setting aside properly entered defaults</u> and default judgments. *Alken-Ziegler, Inc. v. Waterbury Headers*

*Corp.*, 461 Mich 219, 229, 600 NW2d 638 (1999) (emphasis added).

To set aside a default or a default judgment, the following must be complied with:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted <u>only if good cause is shown and an affidavit of facts showing a meritorious defense is filed</u>.
>
> (2) Except as provided in MCR 2.612, <u>if personal service is made</u> on the party against whom the default is taken, the default, and default judgment if one has been entered, may only be set aside if the motion is filed
>
> (a) before entry of judgment, or
>
> (b) if judgment has been entered, within <u>21 days after the default was entered</u>.
>
> (3) In addition, the court may set aside an entry of default and a judgment by default in accordance with MCR 2.612.
>
> (4) An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default judgment, except as prescribed in MCR 2.625(D). The order may also impose other conditions the court deems proper, including a reasonable attorney fee.

*See* MCR 2.603(D)(1)-(4) (emphasis added).

Citing *Alken-Ziegler*, 461 Mich. at 231-234, the Court in *Barclay v. Crown Bldg. & Dev., Inc.*, 241 Mich. App. 639 (2000), explained that "the good cause and meritorious defense requirements of MCR 2.603(D)(1) are analytically different concepts, and <u>a party must show both</u> in order to prevail on a motion to set aside a default judgment...Manifest injustice is *not* a third form of good cause that excuses a failure to comply with the court rules where there is a meritorious defense. Rather, it is the result that would occur if a default were not set aside where a party has satisfied the "good cause" and "meritorious defense" requirements of the court rule. While a lesser showing of good cause will suffice where the meritorious defense is strong, good

cause must still be shown in order to prevent a manifest injustice."

### A.  No Good Cause Exists to Set Aside the Default Judgment

Good cause under MCR 2.603(D)(1) includes: (1) a substantial defect or irregularity in the proceeding in which the default was based; (2) a reasonable excuse for failure to comply with requirements that created the default; or (3) some other reason showing that manifest injustice would result. *Huggins v. Bohman*, 228 Mich App 84, 87 578 NW2d 572 (1999).

Michigan courts have construed "a substantial defect or irregularity in the proceeding" to mean: (1) a party's failure to give notice of entry of a default, *Bradley v. Fulgham*, 200 Mich App 156, 158-159, 503 NW2d 714 (1993); (2) failure to give notice of impending entry of a default judgment, *Perry v. Perry*, 176 Mich App 762, 769-771, 440 NW2d 93 (1989); and (3) improper service of process, *Thomas v. Thomas*, 81 Mich App 499, 501, 265 NW2d 390 (1978).

A defaulted party's reasonable excuse must be justifiably reasonable. An attorney's heavy case load is not a reasonable excuse. *See Daugherty v. State*, 133 Mich App 593, 350 NW2df 291 (1984). Additionally, a party's failure to respond to a properly served summons and complaint, without more, is not a reasonable excuse. *See Komejan v. Suburban Softball, Inc.*, 179 Mich App 41, 49-50, 445 NW2d 186 (1989).

Defendant has presented no substantial defect or irregularity in the proceedings for which the default was based because none exist. Rather, he makes false accusations that "Plaintiff claims to have served Kevin Balsly at 303 Fairway Cove in Tecumseh, Michigan." This is untrue. Plaintiff submitted an affidavit of personal service with the Court indicating that the Defendant was <u>personally served</u> with the summons and complaint <u>in Virginia</u>, not Michigan. (See also **Exhibit 4** for the Proof of Service). The affidavit of the process server is a sworn statement of personal service on the Defendant. The Default was thereafter entered because

6

Defendant failed to respond to the Complaint.

Contrary to the Defendant's allegations, Plaintiff has never alleged to have served the Defendant in Michigan. However, jurisdiction is still proper within the State of Michigan because the contract was entered into in Michigan. See Inquiry/Summary, which also lists Defendant's address at the time the Account was opened to have been 2055 S. State Street, Ann Arbor, Michigan 48104-4607 (**Exhibit 1**). Furthermore, at the time the complaint was filed, Plaintiff had a good reason to believe the Defendant was still residing in Michigan since two postal searches (**Exhibits 2 and 3**) confirmed his address to have been accurate.

The postal searches were sufficient to provide Plaintiff with a good faith belief that the Defendant did reside at the Tecumseh address in Michigan. It was not until personal service was attempted at the Tecumseh, Michigan address that it was learned he did not in fact live there anymore, but rather, lived and worked in Virginia, which is where he was ultimately personally served with the Summons and Complaint.

Plaintiff is not required to confirm via <u>personal service</u> that the Defendants address is correct <u>prior</u> to filing suit – if it did so, it would tip the Defendant off as to the suit and he may have evaded service. Not to mention how time consuming and costly it would be to have someone physically seek the defendant out to confirm they live at an address prior to filing suit. Rather, the burden is on the Defendant that once suit is filed and he is personally served, that if he objects to venue that he raise those objections in the <u>first</u> pleading. Because the Defendant failed to even respond to the Complaint, the allegations were deemed admitted and the default was properly entered against him.

Even assuming arguendo that Plaintiff had known he was in Virginia, Plaintiff still could have filed suit in Michigan because the contract was entered into in Michigan, therefore,

7

jurisdiction is proper.

Defendant's argument that he "does not reside, nor has he ever resided at 12490 Jefferson Ave. in Newport News, Virginia" is irrelevant. The fact that he was served at an address which is not his residence is not a valid reason to set the judgment aside. Plaintiff has never alleged that the Jefferson address is or was ever his residence. The Jefferson address is the address of the Defendant's employer and he was personally served there (See **Exhibit 4**). There is nothing in the Court Rules which suggests that service of a summons and complaint cannot be effectuated at the Defendant's place of employment or elsewhere. It only requires that the Defendant be served personally or via registered or certified mail under MCR 2.105(A)(1) and (2).

Defendant has failed to provide an adequate defense for his failure to comply with the requirements that created the default (i.e. his failure to respond to the complaint) or why a manifest injustice would result in a default being entered against him. Because no good cause exists to set aside the default judgment, Defendant's motion should be denied.

### B. Defendant Does Not Have Any Meritorious Defenses.

In addition to showing good cause, a party must file an affidavit of meritorious defense. MCR 2.603(D)(1) (emphasis added). An affidavit of meritorious defense is an affidavit, made on personal knowledge, which states with particularity those facts admissible as evidence, which establish the grounds offered in the motion to set aside the default judgment. The affidavit must also state that the affiant, if called to testify, will attest that the facts stated are true. *Miller v. Rondeau*, 174 Mich App 483, 487, 436 N.W.2d 393 (1988). Likewise, MCR 2.119(B)(1)(a) requires affidavits in support of motions to be made, *"on personal knowledge"* and (B)(1)(c) *"show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated in the affidavit."*

While the Defendant did file an affidavit in support of his Motion to set aside the Default and Default Judgment, his allegations rest solely on the alleged lack of service of the Summons and Complaint and that he was not served with a copy of the Default, both of which are untrue. The Process Server prepared a sworn affidavit of service (See **Exhibit 4**) and the Defendant has failed to present any admissible evidence that he was not served at the Newport News, Virginia Address. In fact, he admits to having lived in Virginia at the time of service. Furthermore, the Clerk of the Court served via regular US mail a copy of the Default Judgment to the same address and signed a Certificate of Service at the bottom of the Default Judgment (**Exhibit 5**) evidencing such. Because both pleading were properly served upon the Defendant to give him notice of the action and the Default, he has failed to prove good cause and a meritorious defense to this action. Consequently, the Default and Default Judgment should not be set aside.

Defendant's allegations that this action is time-barred are also without merit, as the action was brought under an Account Stated cause of action, for Breach of Contract, and for Unjust Enrichment, which has a six year statute of limitations. Because the last payment made by the Defendant was on August 14, 2006 (See **Exhibit 1** - statement from Original Creditor indicates last payment date and amount), Plaintiff was well within the six year statute of limitations by filing this action on October 7, 2010. Because Defendant has presented no admissible evidence to support that he is not responsible for this Account or that he was not personally served with notice of the action or the Default Judgment, his motion to set aside the default judgment should be denied.

### C.     Defendant is Not Entitled to Relief Under MRC 2.612

MCR 2.603(D)(3) states that a "court may set aside . . . a default judgment in accordance with MCR 2.612." MCR 2.612(B) states:

9

> A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.

MCR 2.612(B) (emphasis added).

In the present case, Defendant alleges that he failed to receive notice of this action, despite the affidavit of the process server which indicates that he was <u>personally</u> served with this action in Virginia and even notes Defendants' personal description. Defendant has presented no evidence to support the alleged non-service to refute the process server's affidavit. Rather, he simply makes a blanket statement that he "was never served, personally or otherwise, with this lawsuit," which is insufficient (Affidavit of Defendant, Para 2). Because he has failed to show good cause or a meritorious defense for setting aside the default and default judgment, his motion should properly be denied. To find otherwise would be extremely prejudicial to Plaintiff, as Plaintiff has already incurred numerous expenses and spent a substantial amount of time in its collection efforts to date, including the domestication of the Michigan Judgment in Virginia, which Defendant attempted to set aside and was denied as discussed above.

### III. CONCLUSION

Defendant has failed to provide good cause or a meritorious defense in support of setting aside the Default and Default Judgment which was entered against him. Therefore, for these and all the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Set Aside the Default Judgment and grant any such further relief as the Court deems to be just and appropriate under the circumstances.

I HAVE READ THE FOREGOING STATEMENTS OF FACT IN THE RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT AND KNOW THEM TO BE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, AND IF SWORN AS A WITNESS, I CAN TESTIFY AS TO THE TRUTH AND ACCURACY OF THE ABOVE STATEMENTS.

By _____
Steve DuRose, Custodian of Records
S & D Investors, LLC

Subscribed and sworn to before me this 13th day of September, 2011

_____
Tracie Lipscomb, Notary Public
Montcalm County, Michigan
Acting in the County of Kent
My Commission Expires: 11/25/2013

Respectfully submitted,

STEVEN E. BRATSCHIE & ASSOCIATES, P.C.
Attorneys for Plaintiffs

Dated: September 13, 2011

By _____
Michelle Born-Fischer (P67527)
Julianna Hyatt-Wierzbicki (P71731)

11