IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN BALSLY,**

    **Plaintiff,**

**v.**                                                                                  **CIVIL ACTION NO.: 3:11cv642**

**WEST MICHIGAN DEBT**
**COLLECTIONS, INC, et al,**

    **Defendants.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

    Comes Now the Plaintiff, Kevin Balsly, to oppose the Defendants' Motion to Stay (Docket #8) because the Defendants have failed to demonstrate that this case meets the extraordinary requirements for the court to decline to exercise its jurisdiction under the *Colorado River Abstention Doctrine*.

**ARGUMENT**

    Plaintiff's Complaint is based on Defendants' two very basic, but serious, violations of the Fair Debt Collections Practices Act (FDCPA): (1) Defendants violated the venue provisions of 15 U.S.C. § 1692i(a)(2) by suing in a Michigan state court (and obtaining a default judgment against) a Virginia resident based upon a contract purportedly signed in Virginia, (2) Defendants illegally sued on an alleged debt knowing that it was time-barred. Because these claims tangentially relate to Defendants' conduct in a state court proceeding, they now move the court to abstain from exercising its jurisdiction based on the considerably limited *Colorado River Doctrine*, permitting a court to abstain when (1) there is a concurrent state court proceeding and (2) extraordinary circumstances exist. *Colorado River Water Conserv. Dist. v. United States*, 424

1

U.S. 800, 818 (1976). Defendants do not suggest a reasoned basis to stay the Plaintiff's primary claim – 15 U.S.C. § 1692i. This case should proceed.

Initially, however, the Court can quickly resolve the closest of the Plaintiff's two claims without conflict. Plaintiff has alleged that Defendant violated the FDCPA upon its filing of a lawsuit after the statute of limitations had expired. See e.g. *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987) ("The court must therefore conclude that FFC violated § 1692f when it filed suit against Kimber. There is no question that the debt FFC sought from Kimber was barred as stale."). In Michigan, where despite the state court's vacatur of the default judgment Defendants still continue to attempt collection, Mr. Balsly is asserting a statute of limitation defense. Whether or not there is a definitive legal answer to the question of whether or not comity requires a federal litigation stay, there is no prejudice to the Plaintiff and there is likely some judicial efficiency if the Court dismisses this discrete claim without prejudice with an equitable tolling of the claim's own limitations period until the state action is resolved.

On the other hand, there is absolutely no basis for abstention or dismissal of Plaintiff's primary claim – 15 U.S.C. § 1692i. Among the factors that a court may consider in weighing whether to decline to exercise its jurisdiction:

> 1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Alfa Laval, Inc. v. Travelers Cas. & Sur. Co.*, No. 3:09CV733, 2010 WL 431301 (E.D. Va. Feb. 5, 2010)(citing *Chase Brexton Health Servs., Inc. v. Maryland,* 411 F.3d 457, 462 (4th Cir.2005)). Under the narrow exceptions to the obligation to exercise jurisdiction, the *Colorado*

*River Doctrine* provides no legal reason for the court to abstain with respect to an FDCPA claim where the violation itself was the debt collector's choice of improper venue as it is governed by federal law merely because the filed collection lawsuit that established the FDCPA claim may still be ongoing. However, the venue violation is not a parallel suit and the court must not decline to exercise its jurisdiction.

The factor on which Defendants rely most heavily is the avoidance of piecemeal litigation. But Defendants' position evidences a lack of understanding of the interplay (or lack thereof) between the state case and the FDCPA claim. Section 1692i is violated the moment a debt collector brings a collection lawsuit in a non-FDCPA sanctioned venue. What happens after that filing is immaterial to the FDCPA claim. It is not inconceivable in such cases (though likely so in this instance) that a state court could find that its state law permitted the venue that is otherwise in violation of the FDCPA. The federal statute does not intercede in a state court's application of state venue principles. Instead, it provides an affirmative (as opposed to defensive) cause of action for the non-FDCPA venue. Mr. Balsly's FDCPA claims are completely independent of any result that Defendants may obtain in a Michigan state court. It is not inconsistent that a state court may find in favor of the debt buyers and debt collectors in Michigan, and Mr. Balsly could still prevail in his FDCPA claim because the debt collector's violation occurred the moment they improperly filed a collection action in the improper venue. *See e.g. Gibson v. Grupo de Ariel, LLC*, No. 4:04cv415, 2006 WL 42369 (N.D. Tex. 2006).

An additional threshold issue is whether the state suit in Michigan is parallel to the case at bar. In arguing that the Michigan debt collection action against a Virginia resident is a parallel proceeding, the Defendants have glossed over the glaring differences in the actions and not cited a single FDCPA case on point to support their position. It is not surprising because the cases on

3

point uniformly hold that it is inappropriate refuse to exercise jurisdiction over FDCPA venue claims just like the one in this case. The FDCPA is clear; it is violative of the statute to sue a consumer in any court other than where the consumer resides or the contract was signed. 15 U.S.C. § 1692i(a)(2).

The federal case is filed by Mr. Balsly as a plaintiff against debt buyers and collectors for their violations of the FDCPA – not as affirmative defenses in a debt collection action, but for damages based on the federal consumer protection statutes. Conversely, the Michigan state court case was filed by a debt-buyer to collect an alleged debt. While the debt collection activities by the debt buyer and collectors may form the bases of the violations alleged by Mr. Balsly in his federal suit, the remedies, claims and defenses are completely different. The debt collection action in Michigan sounds in contract, while FDCPA case sounds in tort based on violation of the federal consumer protection statutes. In the federal case, the Plaintiff has demanded and is entitled to a jury, while it is not clear whether this is available to him in the Michigan case. *Alfa Laval*, 2010 WL 431301, at *3. These differences are significant and "counsel against a finding of parallel actions." *Id*. (citing *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991)).

The Court must also consider whether substantially the same parties are litigating substantially the same claims in different courts. *Alfa Laval,* 2010 WL 431301, at *3 (citing *Gannett Co. Inc. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 742 (4th Cir.2002)). In this case, there are several parties in the federal case who are not joined in the Michigan state court action. In this case, the Plaintiff has sued the debt buyer (West Michigan Debt Collections, Inc.), the debt collector law firm (Steven E. Bratschie & Associates, P.C.), and two debt collector lawyers (Steven E. Bratschie and Michelle Born-Fisher), each of whom have independent obligations

4

under the FDCPA, which they breached. Compl. (Docket #1). In the Michigan state court action, the only parties are the plaintiff debt buyer, West Michigan Debt Collections, and the defendant consumer, Mr. Balsly. If the court were to abstain, it would deprive the Plaintiff of his ability to recover from the debt-collector law firm and its lawyers, all of whom violated the FDCPA. The fact that three parties are absent from the state action militate against a finding of parallel litigation. *Alfa Laval,* 2010 WL 431301, at *3.

Even if it were possible to establish that a parallel action existed, the rest of the Colorado River factors strongly favor denial of the motion to abstain. The next relevant factor is whether the federal forum is inconvenient. *Alfa Laval,* 2010 WL 431301, at *3. The Defendants argue that it would present an undue hardship on them to "defend themselves against two similar suits in two different forums" thus, the federal lawsuit in Virginia must go, while they proceed to litigate the case against Mr. Balsly in Michigan. (Defs' Mem. at 7). It is elementary that the debt collectors are not defending a suit in Michigan, they are the instigators and the plaintiffs in the collection action. Though the default judgment has been vacated, they continue to press on in an effort to extract money from Mr. Balsly even though they now understand he resides in Virginia. Therefore it is a misstatement that the Defendants are defending two suits. The fact is that Michigan is just more convenient to them, not that Virginia is inconvenient. The Defendants have failed to establish the inconvenience of the federal forum. *Alfa Laval,* 2010 WL 431301, at *3.

While the Michigan state court debt collection action was obviously filed first, but because there is no parallel case, and because the claims, defenses, remedies and parties are different, the question regarding the order in which the courts obtained jurisdiction is somewhat non-sequitur. The federal suit is not seeking any action or review related to the Michigan state

court collection action. The Plaintiff seeks the remedies to which he is entitled for the Defendants' violations of the FDCPA. In the Michigan action, West Michigan Debt Collections seeks to collect a debt it claims is owed to it by Mr. Balsly. It would be somewhat absurd to deprive the federal courts of jurisdiction over federal claims in § 1692i(a)(2) cases if the action initiated by the debt buyer and which forms the basis of the violation controlled venue. Though the case before the federal court is a later-filed action, it is an independent cause of action not susceptible of abstention.

In an attempt to manufacture some connection between the federal claim and the state lawsuit other than the later's filing, the Defendants claim that they have a bona fide error defense to the FDCPA claim. (Def's Mem. Supp. Mot. Stay at 5)(Docket #9). There is of course nothing in the state case that would determine the applicability or viability of such a defense.[1]

The Defendants either misunderstand or misstate the posture, facts and law when considering the next two factors: whether federal law provides the rules of decision on the merits and whether the state law can adequately protect the Plaintiff's federal rights. As it stands right now, the Michigan action has no chance of being "completely dispositive of the instant action." (Def.'s Mem. at 8). The only case now pending in Michigan is a debt collection action by West Michigan Debt Collections against Kevin Balsly. While on the one hand, the state court may be able to adequately jurisdiction over federal claims, is simply hypothetical in this case. In the Michigan state court action, Mr. Balsly is a defendant consumer who has valid defenses he

---

[1] The bona fide error defense is a narrow exception to the strict liability in the FDCPA. It is an affirmative defense and must be proven by a preponderance of the evidence. *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 504 (D. Md. 2004)( explaining that "the inquiry into whether a debt collector's procedures are reasonable is, 'by its nature, fact-intensive, and should therefore typically be left to the jury.'")(internal citations omitted).

can present at trial. However, he does not have a counterclaim, he cannot recover damages and attorneys fees, he does not have a cause of action pending against three of the four defendants in the case now at bar. Regardless of whether Mr. Balsly prevails at trial in the Michigan case, abstention in this case would deprive him of the right to recovery that is embodied in the FDCPA. Even if Mr. Balsly were to have an adverse verdict returned against him at trial, he still has a valid FDCPA claim against all the Defendants that would not be extinguished by such a verdict. *Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, at *4. The federal case now pending is the only case where Mr. Balsly will have his rights under the FDCPA vindicated and thus, abstention would not be proper. Even where the state court may be theoretically adequate, mere adequacy is not enough to tip the scale in favor of abstention. *Alfa Laval*, 2010 WL 431301, at *4-5.

Considering that the *Colorado River Doctrine* begins and ends with the premise that the overarching policy consideration weighs heavily in favor of retaining federal jurisdiction, the Defendants have failed to demonstrate that this case is proper for the application of the abstention doctrine. As a threshold matter, this case does not even meet the definition of a parallel action required under the Doctrine. Furthermore, the analysis of the factors that a court must generally consider establish without a doubt that the Defendants have failed to demonstrate that the court should decline to exercise its jurisdiction in this case.

Therefore, the Plaintiff respectfully requests that the Defendants' Motion to Stay be denied.

                                                                                     _____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.

        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        E-mail: lenbennett@cox.net

### **CERTIFICATE OF SERVICE**

       I hereby certify that on the 13th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John R. Owen, Esq.
Danielle D. Giroux, Esq.
Attorneys for Defendants
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, VA 23255

        _____/s/_____
        Leonard A. Bennett, Esq.
        VSB #37523
        Attorney for Plaintiff
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        E-mail: lenbennett@cox.net