IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN BALSLY**,

    Plaintiff,

v.                                                                           CIVIL ACTION NO.: 3:11cv642

**WEST MICHIGAN DEBT COLLECTIONS, INC**, et al.,

    Defendants.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' RULE 12(b)(2) MOTION TO DISMISS

COMES NOW Kevin Balsly, Plaintiff, by counsel, and in opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction, he states:

### OVERVIEW

The Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, creates a statutory tort claim available to debtor consumers who are sued by a debt collector in a venue other than where the contract was signed or where the debtor then resides. 15 U.S.C. § 1692i. As Defendants acknowledge in their brief, the Plaintiff alleges two bases for his FDCPA claim:

> (1) Defendants allegedly violated the venue provision of the FDCPA by filing suit in Michigan, and not Virginia; and (2) Defendants allegedly violated the FDCPA by attempting to collect a debt that is barred by the statute of limitations.

(Def. Mem. at 16)(Docket No. 4). Putting aside the second of these[1], Plaintiff presents an FDCPA case based on Defendants' violation of 15 U.S.C. § 1692i. Now, Defendants suggest

---

[1] As Plaintiff explains in opposition to Defendants' Motion to Stay, he will agree to dismiss without prejudice, with tolling of his own statute of limitation, (or to stay) his FDCPA claim alleging Defendant's pursuit of a lawsuit outside of the statute of limitations. Such stay would end once the Michigan court has determined if the collection claim of West Michigan Debt Collections, Inc. ("WMDC") is barred by a statute of limitations defense.

that despite Congress' creation of a consumer protection against forced litigation in a distant venue, in order for a Virginia consumer to prosecute such a claim against a foreign tortfeasor he must suffer the out of state burdens nonetheless. Courts have uniformly rejected this assertion in FDCPA cases. Such a statutory tort is suffered by the consumer where the consumer resides. There is specific personal jurisdiction.

## ARGUMENT

### Defendants Are Subject to Specific Personal Jurisdiction in Virginia

A.  **Jurisdictional Facts**

Under Rule 12(b)(2), the plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir.1993). "When a district court decides the issue without an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989). In determining whether jurisdiction is appropriate, the Court resolves all factual disputes and draws all inferences in favor of the plaintiff. *See Mylan Labs.,* 2 F.3d at 60." *Capital One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC*, 3:08CV147-HEH, 2008 WL 2660973 (E.D. Va. July 3, 2008). Not withstanding this caution, it appears that there are few if any disputed facts material to the present motion. Between the Complaint (Docket No. 1) and Defendants' Memorandum, (Docket No. 5) the jurisdiction-related facts appear as follows:

 1. In 2000, Plaintiff financed a credit purchase of a piece of jewelry. (Compl. ¶ 8)(Docket No. 1).

2. This credit contract was transacted at a mall jewelry store, Sterling Jewelers, Inc. *dba* JB Robinson Jewelers in Newport News, Virginia. (Compl. ¶ 8; Docket No. 5-5 at 1).

3. The Plaintiff made payments on the account for a period of between four and six years. (Compl. ¶ 9).

4. Defendants claim that the account was thereafter sold either to S & D Investors, LLC, or WMDC, apparently both debt buyers. (Docket No. 5-5 at 2; Docket No. 5-6).

5. Although the account was purportedly sold, it was not assigned as a written contract or account as the debt seller was "unable to locate the original application or sales receipt for this account." (Docket No. 5-6, ¶ 4).

6. On October 7, 2010, a lawsuit was filed against Plaintiff in Michigan to attempt collection of this consumer debt. (Compl. ¶ 11; Defs' Mem. at 1).

7. That Michigan lawsuit was filed by WMDC, "through its attorneys, Steven E. Bratschie & Associates, P.C.[.]" (Defs' Mem. at 1).

8. Both WMDC and Bratschie & Associates are debt collectors as defined and governed by the FDCPA. (Compl. ¶¶ 4-5).

9. "Prior to filing the lawsuit," Bratschie & Associates obtained the Plaintiff's private consumer reports from two different agencies, LexisNexis and The Work Number. (Compl. ¶¶ 12-14; Docket No. 5-5).

10. Thereafter, Bratschie & Associates, on behalf of WMDC, "hired a process server in Virginia" to serve the lawsuit on Plaintiff. (Compl. ¶ 13; Defs' Mem. at 2).

3

11. Defendants assert that at their direction, the process server served papers at an address in Newport News, Virginia. (Defs' Mem. at 2; Docket No. 5-1). This was where the Plaintiff worked. (Defs' Mem. at 2; Docket No. 5-2).

12. Despite these purported actions, the Plaintiff never received notice of the collection lawsuit. (Docket No. 5-4 at 7).

13. On April 27, 2011, WMDC, through Bratschie & Associates, took a default judgment in the Michigan collection lawsuit. (Defs' Mem. at 3).

14. In June 2011, WMDC hired a Virginia attorney to file an action in Virginia to domesticate the Michigan default judgment and attempt garnishment of the Plaintiff's wages. (Defs' Mem. at 3).

15. The garnishment action was filed in Newport News, Virginia. (Defs' Mem. at 3).

16. The Plaintiff does not reside in Newport News, Virginia. He resides in Hayes, Virginia. (Docket No. 5-4 at 7-8).

17. When Plaintiff attempted to have the default judgment set aside by the Virginia state court, the court denied the motion because it was a Michigan judgment that necessarily had to be set aside if at all by the Michigan court. (Docket No. 5-3)

18. Plaintiff almost simultaneously hired a Michigan attorney and moved to set aside the Michigan judgment. (Docket No. 5-4; Docket No. 5 at 4).

19. The Plaintiff has not asserted any affirmative claims in his special appearance in Michigan. (Docket No. 5-4).

**B. Defendants Had Sufficient Minimum Contacts with Virginia to Satisfy Due Process**

The evaluation of a challenge to personal jurisdiction is a two-step inquiry. *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

First, the Court must determine whether Virginia's long-arm statute authorizes personal jurisdiction. Second, the Court must determine whether exercising personal jurisdiction over the defendant under the circumstances of the case would be at odds with the Constitution. *Id.* The Fourth Circuit has held that in determining the reach of the Virginia's long-arm statute, "the statutory and constitutional inquiries coalesce into the question of whether [the defendants] had sufficient minimum contacts with Virginia to satisfy due process requirements." *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000). Defendants' contacts are more than sufficient to meet this standard.

To determine whether the exercise of specific personal jurisdiction is constitutionally permissible, the Court must examine whether (1) the defendant purposefully availed itself of the privilege of conducting activities in Virginia; (2) whether Plaintiff's claims arise out of the activities directed at Virginia; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004); *Graduate Mgmt. Admission Council v. Shi*, 2007 U.S. Dist. LEXIS 95920 at *5 (E.D. Va. 2007). The exercise of personal jurisdiction over Defendants manifestly satisfies this test.

In Virginia, the inquiry is somewhat truncated:

> Federal courts exercise personal jurisdiction in the manner provided by state law. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 294 (4th Cir. 2005). Therefore, a district court must first decide whether Virginia state law[2] permits the court to exercise personal jurisdiction over the defendant, and second, whether the exercise of such jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id.; Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001); *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir.1997). However, "[b]ecause Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Young v. New Haven Advocate,* 315 F.3d 256, 261 (4th Cir. 2002) (*quoting Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132, 135–36 (4th Cir.1996)) (internal citation omitted). Therefore, the inquiry becomes whether the defendant maintains

5

sufficient minimum contacts with the forum state so as not to offend ' "traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

*Singh v. Haas*, No. 3:09CV386, 2010 WL 1506973 (E.D. Va. Mar. 30, 2010) *report and recommendation adopted,* No. 3:09-CV-386, 2010 WL 1506972 (E.D. Va. Apr. 14, 2010) *aff'd sub nom. Singh v. Hass*, 428 F. App'x 230 (4th Cir. 2011)

**1. Defendants Purposefully Availed Themselves of the Privilege of Doing Business in Virginia**

The "purposeful availment" requirement is satisfied when "the actions initiated by the defendant [are] 'purposefully directed' at the forum state, creating a 'substantial connection' with that state." *AutoScribe Corp. v. Goldman & Steinberg*, 1995 U.S. App. LEXIS 2848, *14 (4th Cir. Feb. 3, 1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476 (1985)). "[T]the touchstone of the minimum contacts analysis remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994). Under the Virginia long-arm statute, personal jurisdiction extends "to a cause of action arising from the person's ... [t]ransacting any business" in Virginia or "[c]ausing tortious injury in this Commonwealth …". Va. Code Ann. § 8.01-328.1(A)(1), (4); *Capital One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC*, 3:08CV147-HEH, 2008 WL 2660973, at *2 (E.D. Va. July 3, 2008).

As to the first of these long-arm bases, Defendants cannot credibly argue that they weren't "transacting business" in Virginia. Under the FDCPA, a Debt Collector is "transacting business" in the consumer debtor's home state when it reaches into that state from afar to attempt collection. In this case, Defendants by their own admission acquired an account originating in Virginia that they claim is owed by the Plaintiff, who is a Virginia resident. There is no dispute

6

that the account was opened in a retail jewelry store located in Virginia. Defendants searched for the Plaintiff by obtaining his personal consumer reports from two skip trace reporting agencies. Thereafter, Defendants hired a Virginia process server to find the Plaintiff and serve him in Virginia with a summons to appear in a Michigan state court. Knowing that Plaintiff resided in Virginia, Defendants obtained a default judgment and hired a Virginia lawyer to domesticate the Michigan judgment in Virginia and proceed with a garnishment of Plaintiff's wages, which he earned from his employment in Virginia at a Virginia-based company. Defendants' contacts with Virginia were not random, fortuitous or attenuated. Furthermore, Defendants' contacts with Virginia are not the result of unilateral activity by the Plaintiff or a third party – quite the contrary.

As part of their business operations, Defendants purposefully searched for and contacted the Plaintiff in Virginia. There are a large number of cases that uniformly find that the sending of an FDCPA-violative collection letter into a state establishes purposeful availment as "transacting business." *Flanagan v. World Wide Adjustment Bureau, Inc.*, 1996 U.S. Dist. LEXIS 8257, *6 (M.D. N.C. May 3, 1996) ("Plaintiff's claim derives in part from letters Plaintiff received from Defendant. Sending letters to collect debts is a basic part of Defendant's business. By sending letters to Plaintiff in North Carolina, Defendant purposefully availed itself of 'the privilege of conducting activities within North Carolina … and is properly subject to suit here for matters arising out of those letters"); *See e.g. Maloon v. Schwartz, Zweban & Slingbaum, LLP,* 399 F.Supp.2d 1108, 1112-13 (D.Haw.2005) (Debt collection letter sent by out of state defendant is sufficient to establish personal jurisdiction, where letter was allegedly in violation of FDCPA); *Paradise v. Robinson & Hoover,* 883 F.Supp. 521, 525-26 (D.Nev.1995) (Same); *Sluys v. Hand,* 831 F.Supp. 321, 324 (S.D.N.Y.1993) (Same); *Russey v. Rankin,* 837

7

F.Supp. 1103, 1105 (D.N.M.1993); *Wensauer v. Martorella,* No. CIV-08-467-F, 2008 WL 4131112, at *1 (W.D.Okla. Aug. 29, 2008) (same); *Elwood v. Cobra Collection Agency,* No. 2:06-cv-91, 2006 WL 3694594, at *3 (S.D.Miss. Dec 14, 2006) (same); *Vlach v. Yaple*, 670 F. Supp. 2d 644, 649 (N.D. Ohio 2009) (same). Threatening an out of state lawsuit in correspondence mailed into the consumer's state establishes purposeful availment. *Sluys v. Hand,* 831 F.Supp. 321, 327 (S.D.N.Y.1993). It thus makes sense that if mere mailing of collection letters or threatening a distant improper venue lawsuit established minimum contacts, certainly sending in-person delivery of a lawsuit by private process server or actually suing in the improper venue (as opposed to merely threatening to do so) would be sufficient. Every court to consider this question has confirmed such conclusion. *Burger King*, 471 U.S. at 476 ("it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a state in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another state, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there").

A FDCPA violation is also a statutory tort. The tort takes place where the consumer resides (as opposed to a posture where the tort took place out of state, with damages alone occurring in the consumer's state). Thus, when an out of state debt collector mails a letter into a consumer's state in violation of the FDCPA, the actual tort occurs when and where the consumer receives the unlawful communication. *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992)(reasoning "we conclude that receipt of a collection notice is a substantial part of the events giving rise to a claim under [the FDCPA]"). *See Vlach v. Yaple*, 670 F.Supp. 2d. at 649 (N.D. Ohio 2009); *Maloon*, 399 F.Supp. 2d at 1113; *Apostolou v. Mann Bracken, LLC*, No. 07-4950

8

PGS, 2009 WL 1312927 (S.D. N.Y. 1993)(citing cases); *Sluys v. Hand*, 831 F.Supp. 321, 324 (S.D.N.Y. 1993); *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992)(discussing and analyzing the legislative history). *Paradise*, 883 F.Supp. at 521 (venue proper where plaintiff received debt collection letter); *Russey*, 837 F.Supp. at 1105 (consumer's receipt of collection notice was substantial part of events giving rise to claim under FDCPA); *Lachman v. Bank of Louisiana in New Orleans*, 510 F.Supp. 753, 760 (N.D. Ohio 1981); *Apostolou v. Mann Bracken, LLC*, No. 07-4950 PGS, 2009 WL 1312927 (D.N.J. May 1, 2009).

### 2. Plaintiff's Claims Arise out of the Activities Directed at Virginia

Plaintiff's claims arise out of the activities that Defendants directed at Virginia – specifically, finding and allegedly serving the Plaintiff with a lawsuit, followed by using the Virginia legal system to perfect the default judgment and garnish Plaintiff's Virginia wages. *See, e.g., Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment"). In numerous cases involving the FDCPA, Courts have held that a single letter is sufficient to subject the sender to personal jurisdiction in that state. *See Maloon,* 399 F.Supp. 2d at 1113. In *Maloon*, the court observed, "the majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication." *Id*. at 1114. A debt collection effort like the one the Plaintiff was subjected to is the very kind that constitutes a "substantial part of events giving rise to cause of action under FDCPA." *Russey v. Rankin*, 837 F.Supp. 1103, 1105 (D.N.M. 1993). In fact, a review of the cases disclose that all the practices of the debt collector aimed at the consumer – whether it is writing threatening letters, making harassing phone calls or filing a lawsuit – are far from being random or fortuitous, but they are the acts that are "the precise subject matter of [an]

9

action pursuant to the FDCPA." *Vlasak v. Rapid Collection Sys., Inc*. 962 F.Supp. 1096, 1101-1102 (N.D. Ill. 1997).

The case law is clear not only that "the state in which the plaintiff resides may exercise personal jurisdiction," but also that debt collectors know or should know that by engaging in debt collection efforts in another state they run the risk of being subjected to the jurisdiction of that state. *Vlasak,* 962 F.Supp. at 1101-1102; *accord Howard v. Judge Law Firm*, No. 09-1644, 2010 WL 2985686 (D. Minn July 25, 2010).

Defendants' claim that "the Defendants, especially the individual defendants, have no contact with Virginia and could not reasonably have anticipated being haled into the court in Virginia by requesting service on Balsly in Virginia with a Michigan lawsuit." Defs' Mem. at 8. This bald statement is utterly without force. Defendants named in this suit are all debt collectors subject to the FDCPA and, thus, all on notice that they run the risk of suit in Virginia in connection with their activity here. *Vlasak*, 962 F.Supp. at 1101-1102. When a debt collection law firm and its lawyers represent a company in the business of tracking people down in order to collect money from them, it is simply impossible claim that they don't presume they will be haled into a Virginia federal court for violation of the FDCPA when their victim is a resident of Virginia and the debt they allege is owed was incurred in Virginia. *See*, *Russey v. Rankin*, 837 F. Supp. at 1105.

Conferring jurisdiction on the courts where the consumer resides is completely consistent with the purpose of the FDCPA:

> When an individual receives calls or letters from a distant collection agency—and when those calls or letters are allegedly illegal under the FDCPA—it makes sense to permit that individual to file suit where he receives the communications. Otherwise, collection agencies "could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned." *Sluys,* 831 F.Supp. at 324; *see also Lachman v. Bank of La.,* 510

10

> F.Supp. 753, 758 (N.D.Ohio 1981) (emphasizing that the purpose of the FDCPA and other consumer protection legislation "would be frustrated if consumers had to travel long distances to file and prosecute lawsuits against banks and credit card issuers"). Indeed, Congress expressly recognized that debt collectors may obtain an unfair advantage by conducting legal proceedings "in courts which are so distant or inconvenient that consumers are unable to appear." S.Rep. No. 95–382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699; *see also* 15 U.S.C. § 1692i(a) (requiring debt collectors to file suit where the consumer resides, where the underlying contract was signed, or where the real property at issue is located).

*Vlasak*, 962 F. Supp. at 1102-03.

### 3. Exercising Personal Jurisdiction would be Constitutionally Reasonable

In light of Defendants' contacts with Virginia coupled with the express provisions of the FDCPA to provide jurisdiction over distant debt collectors, there is nothing unfair or constitutionally impermissible about this Court's exercise of jurisdiction over Defendants. *See Burger King Corp.*, 471 U.S. at 484.

Virginia has a strong interest in resolving this dispute because Mr. Balsly is a Virginia resident and also because the Defendants used the Virginia courts to accomplish its goal of extracting money from him. *AOL*, 2005 U.S. Dist. LEXIS 46261, *17. In addition, Mr. Balsly has had to obtain local counsel in Michigan to undo the wrongful default judgment so that he can end the garnishment of his wages that Defendants persist in collecting.

Under the Virginia long-arm statute, personal jurisdiction extends "to a cause of action arising from the person's ... [t]ransacting any business" in Virginia or "[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if ... [the person] engages in any ... persistent course of conduct" in Virginia. Va. Code Ann. § 8.01-328.1(A)(1)& (4). "This statute has been construed to extend personal jurisdiction to the full extent permitted by the Due Process Clause. Accordingly ... the statutory and constitutional inquiries coalesce into the question of whether [Defendants] had sufficient minimum contacts with Virginia to satisfy

11

due process requirements." *Diamond Healthcare of Ohio, Inc.* 229 F.3d at 450 (4th Cir. 2000) (citations omitted); *Capital One Bank (USA) N.A.* 2008 WL 2660973 (E.D. Va. July 3, 2008).

Not only has the statutory purpose been interpreted and applied by the courts to require personal jurisdiction to be exercised in cases like this one, but the constitutional question has been answered as well: out-of-state debt collectors know they are subject to the jurisdiction of the courts where the consumer resides.

## Conclusion

For these reasons, the Defendants' Motion to Dismiss should be denied. With respect to the Fair Debt Collection Practices Act, a debt collector is properly within the jurisdiction of the consumer's home court, which in this case is the Eastern District of Virginia.

_____/s/_____
Leonard A. Bennett
VSB # 37523
Attorney for Kevin Balsly
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 fax
lenbennett@cox.net

### Certificate of Service

The undersigned hereby certifies that on this 13th day of December 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John R. Owen, Esq.
Danielle D. Giroux, Esq.
Attorneys for Defendants
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, VA 23255

        /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net